**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLGA OZEROVA,<br><br>                              Plaintiff,<br>      v.<br><br>UNITED STATES OF AMERICA.<br><br>                              Defendant. | **OPINION**<br><br>Civ. No. 2:12-cv-06918 (WHW) (CLW) |

**Walls, Senior District Judge**

      Defendant United States of America moves to dismiss an dismiss an action brought under the Federal Tort Claims Act ("FTCA") by a federal employee, Plaintiff Olga Ozerova, for lack of subject matter jurisdiction. Decided without oral argument under Fed. R. Civ. P. 78, the Court finds that it lacks subject matter jurisdiction over this action and dismisses the Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff Olga Olzerova, a citizen of the State of New Jersey, was, at all relevant times, an employee of the United States Postal Service. Compl., ECF No. 1 ¶¶ 1, 11. Defendant United States of America oversees the United States Postal Service, a federal agency with a branch in Edison, New Jersey where Plaintiff was employed. Id. ¶ 2.[1]

      On March 21, 2011, at approximately 11:00 pm, Plaintiff tripped over an unpainted and unmarked ramp in the parking lot of the United States Postal Service facility in Edison, New Jersey. Id. ¶ 13. She asserts that her trip and fall was a direct result of poor lighting and conditions in the parking lot of the Postal Service facility. Id. ¶ 14. At the time of the accident,

---

[1] Plaintiff's complaint incorrectly notes the location of the U.S. Postal Service facility as Piscataway, New Jersey, it is in fact located in Edison, New Jersey.

**NOT FOR PUBLICATION**

Plaintiff was employed as a mail handler at the Edison, New Jersey Postal Service facility. Honkisz Decl., ECF No. 22-2 ¶ 3. As part of her mail handling duties, she was required to pick up mail from collection boxes located in front of the facility using a Postal Service issued key. *Id.* ¶ 4. On the day of the incident, Plaintiff was scheduled to work from 2:00 pm to 10:30 pm. *Id.* ¶ 3. Postal Service records show that she completed her shift at 10:32 pm. *Id.* ¶ 5. On April 30, 2012, the Postal Service received a Notice of Claim on Standard Form 95 alleging that Plaintiff Ozerova had tripped and fallen over a defective ramp at the Edison Postal Office facility on March 21, 2012 at approximately 11pm. *Id.*

Following the alleged trip and fall, the Plaintiff was absent from work on unscheduled leave. *Id.* ¶ 6. During this time, Plaintiff's husband appeared at the Edison, New Jersey Postal Office facility with paperwork regarding Plaintiff's trip and fall. Plaintiff's husband stated that Plaintiff had returned to the Postal Office facility after completing her shift in order to return the Postal Service issued key she had forgotten to return during her shift. It was during this return visit that the alleged injury occurred. *Id.*

Plaintiff filed this action on November 7, 2012. Compl., ECF No. 1. On August 13, 2013 this Court stayed discovery in this case, pending a decision by the Secretary of Labor, Office of Workers Compensation Programs ("OWCP"), as to whether the Federal Employees' Compensation Act ("FECA") applies to the Plaintiff's claim. Order, ECF No. 14. On June 27, 2014, OWCP issued a Notice of Decision denying Plaintiff's claim for workers' compensation on the basis of their finding that the claimed incident occurred after the Plaintiff had left work. Notice of Decision, ECF No. 22-2 at 10. On May 31, 2016, OWCP issued a second Notice of Decision, superseding its earlier decision of June 27, 2014. *Id.* at 18. OWCP's second Notice of Decision found that Plaintiff was engaged in "the performance of duty at the time of the

employment incident" and that the incident had occurred on the property of the Employing Agency [the U.S. Postal Service]. Therefore, any injury resulting from the March 21, 2012 incident would be covered under FECA. *Id.* at 21. Plaintiff's claim was nevertheless denied by OWCP, because Plaintiff had failed to provide sufficient evidence to establish a sustained injury as defined by the FECA. *Id.* at 22.

On August 4, 2016, the United States of America filed this motion, asking the Court to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Notice of Mot., ECF No. 22. Plaintiff declined to file an opposition to the United States' motion.

## STANDARD OF REVIEW

The Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based on the legal insufficiency of a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir. 1991). Where a 12(b)(1) motion is predicated upon the assertion that jurisdiction is improper because the facts of the case do not support the asserted jurisdiction, it is considered to be a factual challenge. *Constitution Party of Pa. v. Aichele*, 757 F. 3d 347, 358 (3d Cir. 2014). In a factual challenge to the Court's subject matter jurisdiction, no presumption of truthfulness attaches to the allegations in the complaint and the Court may consider matters outside the pleadings such as affidavits and other material properly before the court. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). In such a challenge to the Court's subject matter jurisdiction, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[T]he existence of disputed material facts will not

preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891. The plaintiff must not only demonstrate that a controversy existed at the time it filed suit but that it continues to exist throughout the litigation. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).

When plaintiffs fail to file an opposition to a motion to dismiss, the Court must address the unopposed motion to dismiss on its merits. *Wiggins v. String*, No. 12-3176, 2013 WL 1222676, at *2 (D.N.J. Mar. 25, 2013). To decline to analyze the merits of a motion to dismiss simply because it is unopposed would be to impermissibly sanction plaintiffs for their failure to respond. *Stackhouse v. Mazurkiewicz*, 951 F. 2d 29, 30 (3d Cir. 1991).

## DISCUSSION

### 1. FECA is Plaintiff's Exclusive Remedy

The Federal Employees Compensation Act provides compensation for the disability of any federal employee resulting from personal injuries sustained in the performance of duty. 5 U.S.C. § 8102(a). The liability of the United States under FECA is exclusive and instead of all other liability in an judicial proceeding or civil action. 5 U.S.C. § 8116(c). When FECA applies to a workplace injury, it functions as the employee's exclusive remedy, precluding any other liability of the United States. *Elman v. United States*, 173 F. 3d 486, 489 (3d Cir. 1999). Consequently, an employee who is eligible for FECA benefits may not bring suit against his or her employer for damages under the FTCA. *Id.* The Secretary of Labor exercises plenary and exclusive authority in deciding all matters arising under FECA and their decisions regarding coverage are

"absolutely immune from judicial review." *DiPippa v. United States*, 687 F. 2d 14, 17 (3d Cir. 1982).

The Secretary of Labor, through the OWCP, has exercised their authority over the present matter, and has made the determination that FECA covers any injuries arising out of the March 21, 2012 incident. *See* Notice of Decision, ECF No. 22-2 at 22. This determination is not subject to review by this Court. Because FECA applies to the Plaintiff's accident, it is her exclusive remedy. FECA's exclusivity provision prohibits Plaintiff from bringing this action against the United States under the FTCA. This Court lacks subject matter jurisdiction and is required to dismiss this action under Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

FECA's exclusive remedy provision prohibits this Court from exercising subject matter jurisdiction over this action. Defendant United States of America's motion to dismiss for lack of subject matter jurisdiction is granted. An appropriate order follows.

Date: 2 November 2016

Hon. William H. Walls
United States Senior District Judge